UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| RENIKE SPEED, | ) |
| Plaintiff, | ) |
| vs. | ) No.: |
| WEN CHOO CHOO, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following.

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Georgia corporation that does business in Tennessee. Defendant's registered agent for service of process in Tennessee is Grant, Konvalinka & Harrison, P.C., 633 Chestnut Street, Suite 900, Chattanooga, Tennessee, 37450.

3. Defendant operates multiple Wendy's restaurants in Tennessee and Georgia, including a restaurant located on Bony Oaks Drive in Chattanooga, Tennessee.

4. Plaintiff was employed by Defendant as a shift leader at the Bonny Oaks Drive restaurant from approximately May 22, 2025 until late September of 2025. Defendant paid Plaintiff an hourly rate of pay for her work.

5. While she was employed by Defendant, Plaintiff worked overtime hours of more than 40 per workweek for which she was not paid overtime wages of one and one-half times her regular rate of pay.

6. More specifically, Plaintiff worked overtime hours that she recorded on Defendant's timekeeping system each week, but Defendant did not pay Plaintiff for all of her recorded overtime hours. Defendant altered Plaintiff's time records by deleting some of her recorded overtime hours, and/or simply failed to compensate Plaintiff for the recorded overtime hours.

7. Plaintiff repeatedly complained to the store manager about the fact that she was not being paid for all overtime hours worked. In fact, other hourly employees also complained to the store manager about not receiving pay for all of their recorded work hours. Despite these complaints, the practice continued.

8. In addition, Plaintiff worked overtime hours "off the clock" while performing training work from home.

9. Plaintiff's store manager specifically instructed Plaintiff to perform the training work at home, and she specifically advised Plaintiff that her work hours would not be recorded or compensated. When Plaintiff complained about not being paid for the training work, the store manager responded, "This is the Wendy's way."

10. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

11. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

12. While she was employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

15. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

16. Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

17. As a result of Defendant's violations of Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

18. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

19. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to her overtime back pay;

(c) reasonable attorney's fees;

(d) the costs of this action; and

(e) all further general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff